15 MISC 00154

PREET BHARARA
United States Attorney for the
Southern District of New York
By: DOMINIKA TARCZYNSKA
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone:  (212) 637-2748
Facsimile:  (212) 637-2686
E-mail: dominika.tarczynska@usdoj.gov

▤ FILE COPY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x
IN RE:                                                :     DECLARATION OF
                                                      :     DOMINIKA TARCZYNSKA
LETTERS ROGATORY FOR                                  :
INTERNATIONAL JUDICIAL                                :     M 10-7
ASSISTANCE FROM THE FIRST                             :
TRIAL COURT IN CIVIL AND                              :
COMMERCIAL MATTERS NO. 7,                             :
BUENOS AIRES, ARGENTINA, IN THE                       :
MATTER OF EHLERT BEHRENS                              :
WALTRAUD THERESE ON                                   :
INCIDENTAL PROCEEDING ON                              :
ACCOUNT RENDITION AND                                 :
REINSTATEMENT OF INHERITANCE                          :
                                                      :
-----------------------------------------------------x



I, Dominika Tarczynska, pursuant to 28 U.S.C. § 1746, declare as follows:

1.       I am an Assistant United States Attorney in the Office of the United States

Attorney for the Southern District of New York. counsel for the United States of America (the

"Government").  I make this declaration upon information and belief based upon the attached

exhibits and communications with personnel in the United States Department of Justice, to which

letters rogatory have been transmitted for execution.  I make this declaration in support of the

Government's request, pursuant to 28 U.S.C. § 1782(a),[1] for an order appointing me as a Commissioner for the purpose of obtaining information from Israel Discount Bank.

2.       In connection with a proceeding captioned "Ehlert Behrens Waltraud Therese on Incidental Proceeding on Account Rendition and Reinstatement of Inheritance," and pending in the First Trial Court in Civil and Commercial Matters No. 7, Buenos Aires, Argentina (the "Argentine Court"), the Argentine Court issued letters rogatory seeking information from Israel Discount Bank.  A true and correct copy of the letters rogatory is attached hereto as Exhibit A.

3.       An undated draft of a subpoena addressed to Israel Discount Bank, Attention:  Legal Department, 511 Fifth Avenue, New York, NY 10017, which the Government intends to serve upon my appointment as Commissioner, is attached hereto as Exhibit B.

---

[1]  Section 1782(a) provides, in pertinent part, as follows:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation.  The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.  By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement.  The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing.  To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

4.      To assist the Argentine Court in obtaining the requested information, I respectfully request that this Court appoint me as Commissioner as proposed in the *ex parte* order attached hereto as Exhibit C.  No previous application for the relief sought herein has been made.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

WHEREFORE, the United States respectfully requests that this Court enter the attached Order.

Dated: New York, New York
        June 4, 2015

_____

DOMINIKA TARCZYNSKA
Assistant United States Attorney

3

A

## TRADUCCIÓN PÚBLICA / CERTIFIED TRANSLATION

[*On the upper right hand corner of pages 1 and 3 of the original document, there appears a seal that reads:*] First Trial Court in Civil and Commercial Matters No. 7, Buenos Aires Province.

[*On the upper right hand corner of page 2 there appears an illegible signature.*]

[*On the upper left hand corner of page 3 there appears an illegible signature and a seal that reads:*] Verónica Valdi, Judge.

## LETTERS ROGATORY

**VERONICA PAULA VALDI, FIRST TRIAL JUDGE IN CIVIL AND COMMERCIAL MATTERS OF THE JUDICIAL DISTRICT OF SAN ISIDRO, BUENOS AIRES PROVINCE, ARGENTINE REPUBLIC:** To the relevant Judge with venue and jurisdiction in the City of New York, State of New York, United States of America.

**HEREBY GREETS, REQUESTS AND MAKES KNOWN:** Whereas, case titled "**EHLERT BEHRENS WALTRAUD THERESE s/ Incidente de Rendición de Cuentas y Restitución de Herencia** [*EHLERT BEHRENS WALTRAUD THERESE on Incidental Proceeding on Account Rendition and Reinstatement of Inheritance*]" (Case File No. 37.422) is pending before this First Trial Court in Civil and Commercial Matters No. 7 I am in charge of, Single Clerk's Office in charge of María Cecilia Gallardo, Esq., of the Judicial District of San Isidro, located at Ituzaingo No. 340, 8th floor, San Isidro District, Buenos Aires Province, Argentine Republic. The undersigned, with applicable venue and jurisdiction, has resolved to issue the foregoing Letters Rogatory in order for Your Honor to make the necessary arrangements to request (i) the **BANK OF BOSTON (currently, BANK OF AMERICA)**, domiciled at 592 5th Avenue, New York, NY 10036, United States of America; (ii) the **M&T BANK**, domiciled at One M&T Plaza 8th floor, Buffalo, NY 14203-2399, United States of America; (iii) the **BANK OF NEW YORK**, domiciled at One Wall Street, New York, NY 10286, United States of America; and (iv) the **ISRAEL DISCOUNT BANK**, domiciled at 511 5th Avenue, New York, NY 10017, United States of America, to inform: a) if there are any accounts opened in the name

of Hermann Friedrich Behrens or German Federico Behrens (National Identity Document 415.830), whether they are securities, savings, investment or deposit accounts, in any currency whatsoever, in the name of the above mentioned person as single holder, or jointly with attorneys or co-holders; b) Account deposits and activity from 1990 to date; c) Date of account opening and closing; d) Transfers or deposits made from or to said accounts, identifying the ordering parties as well as the recipients of any transfers or deposits and the dates, amounts and currency thereof; e) Accrued interests, investments and reinvestments performed, if applicable; and f) Activity recorded in the accounts from the opening date to the closing date; all along with the relevant documentation in original or authenticated copy.------------------

This proceeding is requested within the framework of the incidental proceeding filed by Ms. Waltraud Theresa Emma Ehlert-Behrens against Mr. Nicolás José Huberto Behrens, Ms. Liliana Beatriz Graciela Behrens and Ms. Mónica María Magdalena Behrens, under case titled "Behrens Germán Federico o Hermann Friedrich Behrens S/ Sucesión Ab Intestato" ["Behrens Germán Federico or Hermann Friedrich Behrens on Intestate Succession"] (Case File No. 39.269), requesting an account rendition of the acts relevant to the right of disposal granted to the heirs over the estate and its reinstatement into the inheritance.------------------

The relevant order writ is herein transcribed, for the relevant purposes, which, in its pertinent part reads as follows: "San Isidro, November 26th, 2014. Pursuant to the relevant statements and under the provisions set forth in Article 326 of the Code of Civil and Commercial Procedure, be the early production of evidence requested to that end admitted, be the necessary official letters issued. Signed. Alicia Angela Ortolani, Esq., Judge."------------------

Measure: the purpose of the foregoing Letters Rogatory is to request the aforementioned information and the delivery of original or authenticate copies thereof.------------------

Law: The foregoing Letters Rogatory is issued under the terms of: (i) Article 132 of the Code of Civil and Commercial Procedure of the Buenos Aires Province, Argentine Republic, and (ii) the Convention on the Taking of Evidence Abroad in

Civil and Commercial Matters, adopted on March 18th, 1970 by The Hague Convention on Private International Law (ratified by Law 23480). ----------------------

It is hereby stated that Luis Alberto Erize, Hernán Martín Oriolo, Leonardo Pablo Cippitelli and Mariano Hernán Beica, Esq. are authorized to indistinctively process the foregoing Letters Rogatory, and that Andrea Tiedemann, Esq. is hereby authorized to act in the process of service hereof; all of them with powers to delegate, replace and perform any other act or dealing conducive to the performance hereof.-----

I hereby request Your Honor to fully comply with the foregoing Letters Rogatory, offering reciprocity in similar cases. ----------------------------------------------

Given, signed and sealed in my office in the City and District of San Isidro, Buenos Aires Province, Argentine Republic, on this 29th day of December of two thousand and fourteen. --------------------

[Illegible signature and below it reads:] VERÓNICA PAULA VALDI, JUDGE. ------------

[There follows a seal that reads:] THE SEAL AND SIGNATURE AUTHORIZING THIS DOCUMENT ARE THE SAME AS THOSE KEPT IN THE RELEVANT RECORDS. DECEMBER 30th, 2014. SAN ISIDRO. -----------------------------

[There follows the round seal of the Court of Appeals in Civil and Commercial Matters, Courthouse Three, San Isidro, Buenos Aires Province.] -----------------------------

[Illegible signature and seal that reads:] Cecilia Inés Mantello. First Rank Officer of the Honorable Court of Appeals in Civil and Commercial Matters.---------------------

------------------------------------------------------------------------

This is a true and complete translation into English of Letters Rogatory written in Spanish which I had before me. In Buenos Aires, on this 2nd day of March, 2015.----
Lo que antecede es traducción fiel y completa al idioma inglés del documento, un Exhorto redactado en idioma español que tuve a la vista y al cual me remito. En Buenos Aires, a los 2 días de marzo de 2015.-





## EXHORTO DIPLOMATICO

VERONICA PAULA VALDI, JUEZ DE PRIMERA INSTANCIA EN LO CIVIL Y COMERCIAL DEL DEPARTAMENTO JUDICIAL DE SAN ISIDRO, PROVINCIA DE BUENOS AIRES, REPUBLICA ARGENTINA:------------------------------------------------------------------

Al Señor Juez que corresponda, con jurisdicción y competencia en la Ciudad de Nueva York, Estado de Nueva York, Estados Unidos de América.----------

SALUDA, EXHORTA Y HACE SABER: Que por ante el Juzgado de Primera Instancia en lo Civil y Comercial Nro. 7, a mi cargo, Secretaría Unica, a cargo de la Dra. María Cecilia Gallardo, del Departamento Judicial de San Isidro, con sede en la calle Ituzaingo Nro. 340. Piso 8vo. del Partido de San Isidro, Provincia de Buenos Aires, República Argentina, tramitan los autos caratulados **"EHLERT BEHRENS WALTRAUD THERESE S/ Incidente de Rendición de Cuentas y Restitución de Herencia" (Expte. Nro. 37.422)**, en los cuales la suscripta, que es competente en razón del territorio y la materia, ha dispuesto librar la presente rogatoria a fin de que V.E. tenga a bien disponer de lo necesario para requerir a (i) el **BANK OF BOSTON** (hoy **BANK OF AMERICA**), con domicilio en 592 5th Avenue, New York, NY 10036, Estados Unidos de América: (ii) el **M&T BANK**, con domicilio en One M&T Plaza 8th Floor Buffalo, NY 14203-2399, Estados Unidos de América; (iii) el **BANK OF NEW YORK**, con domicilio en One Wall Street New York, NY 10286, Estados Unidos de América: y (iv) el **ISRAEL DISCOUNT BANK**, con domicilio en 511 5th Avenue New York, NY 10017, Estados Unidos de América, que informen: a) si existen cuentas abiertas a nombre de Hermann Friedrich Behrens o German Federico Behrens (D.N.I. 415.830), ya sea de custodia de títulos, de ahorro, de inversión o de depósito, en cualquier moneda, ya sea a la orden del mencionado como único titular, o junto con otros apoderados o cotitulares; b) Importes depositados y



movimientos de las mismas desde el año 1990 a la fecha; c) Fecha de apertura y de cierre de las mismas; d) Transferencias o depósitos realizados desde o hacia las mismas, identificando tanto al destinatario como al ordenante de la transferencia o depósito y fecha de su realización, importe, y moneda; e) Intereses ganados, inversiones y reinversiones efectuadas, en su caso; y f) Movimientos registrados en las cuentas desde la fecha de apertura hasta la fecha de cierre, todo ello acompañando la documentación pertinente en original o copia auténtica de la misma.------------------------------------------------

La presente medida judicial se solicita en el marco del incidente promovido por la Sra. Waltraud Therese Emma Ehlert-Behrens contra el Sr. Nicolás José Huberto Behrens, la Sra. Liliana Beatriz Graciela Behrens y la Sra. Mónica María Magdalena Behrens, en el marco de los autos "Behrens Germán Federico o Hermann Friedrich S/ Sucesión Ab Intestato" (Expte. Nro. 39.269), en el cual se demanda la rendición de cuentas sobre actos de disposición otorgados por los herederos sobre bienes del acervo sucesorio y su restitución a la herencia.------------------------------------------------

A los fines correspondientes se transcribe el auto que ordena la medida, el cual en su parte pertinente textualmente dice: "San Isidro, 26 de noviembre de 2014. De conformidad con lo manifestado y lo dispuesto por el art. 326 del CPCC, admítase la producción de prueba anticipada requerida a cuyo fin líbrense los oficios necesarios. Fdo.- Dra. Alicia Angela Ortolani. Juez".-------

Medida: El objeto del presente exhorto es el requerimiento de la información indicada y remisión de constancias originales o copias auténticas.--------------

Ley: El presente exhorto diplomático se expide en los términos de: (i) el Artículo 132 del Código Procesal Civil y Comercial de la Provincia de Buenos Aires, República Argentina, y (ii) la Convención sobre la Obtención de Pruebas en el Extranjero en Materia Civil o Comercial, adoptada el 18 de marzo de 1970 por la Conferencia de La Haya de Derecho Internacional Privado (ratificada por Ley 23.480).------------------------------------------------



Se deja constancia que los Dres. Luis Alberto Erize, Hernán Martin Oriolo, Leonardo Pablo Cippitelli y Mariano Hernán Beica se encuentran autorizados indistintamente para tramitar el presente y que la Dra. Andrea Tiedemann se encuentra autorizada para intervenir en el diligenciamiento del presente exhorto; todos ellos, con facultades de delegar, sustituir y cuanto más fuera menester para cumplir con las requisitorias del presente.------------------------

Ruego y exhorto a V.E. el fiel cumplimiento del presente exhorto, ofreciendo reciprocidad para casos análogos.-------------------------------------------------

Dado, Firmado y sellado en la Sala de mi Público Despacho, en la Ciudad y Partido de San Isidro, Provincia de Buenos Aires, República Argentina, a los 29 días del mes diciembre de dos mil catorce.---------------------------------









# COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES

República Argentina
Ley 20305

## LEGALIZACIÓN

Por la presente, el COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES, en virtud de la facultad que le confiere el artículo 10 inc. d) de la ley 20305, certifica únicamente que la firma y el sello que aparecen en la traducción adjunta concuerdan con los correspondientes al/a la Traductor/a Público/a   ROSENZWAIG, MARÍA LAURA

que obran en los registros de esta institución, en el folio      del Tomo      en el idioma

403      12      INGLÉS

Legalización número:  **16568**

Buenos Aires,  20/03/2015

MARCELO F. SIGALOFF
Gerente de Legalizaciones
Colegio de Traductores Públicos
de la Ciudad de Buenos Aires

ESTA LEGALIZACIÓN NO SE CONSIDERARÁ VÁLIDA SIN EL CORRESPONDIENTE
TIMBRADO DE CONTROL EN LA ÚLTIMA HOJA DE LA TRADUCCIÓN ADJUNTA

Control interno:  23682016568

By virtue of the authority vested in the COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES (Buenos Aires Sworn Translators Association) by Argentine law No. 20 305 section 10(d), I hereby CERTIFY that the seal and signature affixed on the attached translation are consistent with the seal and signature on file in our records.

The Colegio de Traductores Públicos de la Ciudad de Buenos Aires only certifies that the signature and seal on the translation are genuine; it will not attest to the contents of the document. THIS CERTIFICATION WILL BE VALID ONLY IF IT BEARS THE PERTINENT CHECK STAMP ON THE LAST PAGE OF THE ATTACHED TRANSLATION.

Vu par le COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES (Ordre des Traducteurs Officiels de la ville de Buenos Aires), en vertu des attributions qui lui ont été accordées par l'article 10, alinéa d) de la Loi n° 20.305, pour la seule légalisation matérielle de la signature et du sceau du Traductor Público (Traducteur Officiel) apposés sur la traduction du document ci-joint, qui sont conformes à ceux déposés aux archives de cette Institution. LE TIMBRE APPOSÉ SUR LA DERNIÈRE PAGE DE LA TRADUCTION FERA PREUVE DE LA VALIDITÉ DE LA LÉGALISATION.

Il COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES (Ordine dei Traduttori abilitati della Città di Buenos Aires) CERTIFICA ai sensi dell'articolo 10, lettera d) della legge 20.305 che la firma e il timbro apposti sulla qui unita traduzione sono conformi alla firma e al timbro del Traduttore abilitato depositati presso questo Ente. Non certifica il contenuto della traduzione sulla quale la certificazione è apposta. LA VALIDITÁ DELLA PRESENTE CERTIFICAZIONE È SUBORDINATA ALL'APPOSIZIONE DEL TIMBRO DI CONTROLLO DEL CTPCBA SULL'ULTIMA PAGINA DELL'ALLEGATA TRADUZIONE.

Por meio desta legalização, o COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES (Colégio dos Tradutores Públicos da Cidade de Buenos Aires), no uso de suas atribuições e em conformidade com o artigo 10, alínea "d", da Lei 20.305, somente reconhece a assinatura e o carimbo do Tradutor Público que subscreve a tradução em anexo por semelhança com a assinatura e o carimbo arquivados nos registros desta instituição. A PRESENTE LEGALIZAÇÃO SÓ TERÁ VALIDADE COM A CORRESPONDENTE CHANCELA MECÂNICA APOSTA NA ÚLTIMA FOLHA DA TRADUÇÃO.

COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES (Kammer der vereidigten Übersetzer der Stadt Buenos Aires). Kraft der Befugnisse, die ihr nach Art. 10 Abs. d) von Gesetz 20.305 zustehen, bescheinigt die Kammer hiermit lediglich die Übereinstimmung der Unterschrift und des Siegelabdruckes auf der beigefügten Übersetzung mit der entsprechenden Unterschrift und dem Siegelabdruck des vereidigten Übersetzers (Traductor Público) in unseren Registern. DIE VORLIEGENDE ÜBERSETZUNG IST OHNE DEN ENTSPRECHEN

B

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Southern District of New York

In re: Letters Rogatory for International Judicial )
Assistance from the First Trial Court in Civil and )
Commercial Matters No. 7, Buenos Aires, Argentina, in )   Civil Action No.    M 10-7
the Matter of Ehlert Behrens Waltraud Therese on )
Incidental Proceeding on Account Rendition and )
Reinstatement of Inheritance )

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Israel Discount Bank
Attn: Legal Department, 511 Fifth Avenue, New York, NY 10017
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:  The matters to be covered during the deposition are set forth in the Execution Affidavit attached hereto as Rider A. If you complete the Execution Affidavit, sign the last page before a notary public, and return it to the Assistant United States Attorney below on or before June __, 2015, you may not need to appear for the deposition.

| Place:  U.S. Attorney's Office, Southern District of New York | Date and Time: |
|---|---|
| 86 Chambers Street, 3rd Floor, New York, NY 10007 | |

The deposition will be recorded by this method:    Stenography

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: Document and information pursuant to the Execution Affidavit attached hereto as Rider A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

              *CLERK OF COURT*
                                              OR

      _____          _____
      *Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   U.S.A. on behalf of the First Trial Court in Civil & Commercial Matters No. 7, Buenos Aires, Argentina, who issues or requests this subpoena, are:

Dominika Tarczynska, Assistant United States Attorney, U.S. Attorney's Office for the Southern District of New York, 86 Chambers Street, 3rd Floor, New York, NY 10007. Email: dominika.tarczynska@usdoj.gov.  Tel.:  212-637-2748

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  M 10-7

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*  Israel Discount Bank _____

on *(date)* _____ .

☐  I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

☐  I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____           _____
                                                                    *Server's signature*

                                                        _____
                                                                    *Printed name and title*

                                                        _____
                                                                    *Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Rider A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x
IN RE:                                                :
                                                      :
LETTERS ROGATORY FOR                                  :
INTERNATIONAL JUDICIAL                                :      Argentine Court's Case File No. 37.422
ASSISTANCE FROM THE FIRST                             :
TRIAL COURT IN CIVIL AND                              :
COMMERCIAL MATTERS NO. 7,                             :
BUENOS AIRES, ARGENTINA, IN THE                       :
MATTER OF EHLERT BEHRENS                               :
WALTRAUD THERESE ON                                   :
INCIDENTAL PROCEEDING ON                              :
ACCOUNT RENDITION AND                                 :
REINSTATEMENT OF INHERITANCE                          :
                                                      :
-----------------------------------------------------x

## EXECUTION AFFIDAVIT OF LETTERS ROGATORY

I, _____, a representative of Israel Discount Bank, state as

follows under oath:

I have been furnished by the United States Attorney for the Southern District of New York

with a copy of letters rogatory issued pursuant to the Hague Convention on the Taking of Evidence

Abroad in Civil and Commercial Matters.   The letters rogatory seek information from Israel

Discount Bank, in New York, New York, regarding a civil case captioned, "Ehlert Behrens

Waltraud Therese on Incidental Proceeding on Account Rendition and Reinstatement of

Inheritance," pending before the First Trial Court in Civil and Commercial Matters No. 7, Buenos

Aires, Argentina.

The following are my responses to the interrogatories contained in the letters rogatory.

These responses are based upon personal knowledge and the information provided to me as a

representative of Israel Discount Bank.

A):

[State] if there are any accounts opened in the name of Hermann Friedrich Behrens or German Federico Behrens (National Identity Document 415.830), whether they are securities, savings, investment or deposit accounts, in any currency whatsoever, in the name of the above mentioned person as single holder, or jointly with attorneys or co-holders.

Response to A):

B):

[Provide] [a]ccount deposits and activity from 1990 to date.

Response to B):

C):

[State the] [d]ate of account opening and closing.

Response to C):

D):

[State any] [t]ransfers or deposits made from or to said accounts, identifying the ordering parties as well as the recipients of any transfers or deposits and the dates, amounts and currency thereof.

Response to D):

E):

[State any] [a]ccrued interests, investments and reinvestments performed, if applicable.

Response to E):

F):

[State any] [a]ctivity recorded in the accounts from the opening date to the closing date; all along with the relevant documentation in original or authenticated copy.

Response to F):

I declare under penalty of perjury that the information contained in this Execution Affidavit of Letters Rogatory is true and correct.

Dated: _____ _____, 2015

_____
(Signature)

_____
(Print Name)
A Representative of Israel Discount Bank

Executed this ____ day of
_____, 2015

_____
Notary Public

4

C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
IN RE:                                               :      *EX PARTE* ORDER
                                                     :
                                                     :      M 10-7
LETTERS ROGATORY FOR                                 :
INTERNATIONAL JUDICIAL                               :
ASSISTANCE FROM THE FIRST                            :
TRIAL COURT IN CIVIL AND                             :
COMMERCIAL MATTERS NO. 7,                            :
BUENOS AIRES, ARGENTINA, IN THE                      :
MATTER OF EHLERT BEHRENS                             :
WALTRAUD THERESE ON                                  :
INCIDENTAL PROCEEDING ON                             :
ACCOUNT RENDITION AND                                :
REINSTATEMENT OF INHERITANCE                         :
                                                     :
------------------------------------------------------x

WHEREAS, the United States of America, by its attorney, Preet Bharara, United

States Attorney for the Southern District of New York, on behalf of the First Trial Court in Civil

and Commercial Matters No. 7, Buenos Aires, Argentina, is seeking to obtain information from

Israel Discount Bank, in New York, New York, for use in connection with a judicial proceeding

pending in that court captioned "Ehlert Behrens Waltraud Therese on Incidental Proceeding on

Account Rendition and Reinstatement of Inheritance";

NOW THEREFORE, it is hereby ORDERED, pursuant to 28 U.S.C. § 1782(a)

and Rule 28(a) of the Federal Rules of Civil Procedure, that Dominika Tarczynska, Assistant

United States Attorney, Southern District of New York, be and hereby is appointed as

Commissioner, to take such lawful steps as are necessary to obtain information from Israel

Discount Bank and to submit said information to the United States Attorney for the Southern

District of New York for transmission to the United States Department of Justice or its designee.

IT IS FURTHER ORDERED that the United States Attorney's Office shall serve

Israel Discount Bank with a copy of this Order and the accompanying documents.

Dated: New York, New York
      June _____, 2015


_____
UNITED STATES DISTRICT JUDGE